UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMIR AZARHOMAYOUN, *et al.*,

              Plaintiffs,

v.

ANTONY J. BLINKEN, *et al.*,

              Defendants.

Case No. 23-cv-1595 (JMC)

### MEMORANDUM OPINION

Plaintiffs are five Iranian citizens who applied for nonimmigrant visas to work and study in the United States. ECF 1 ¶¶ 1, 20, 30.[1] Their applications have been stuck in "administrative processing" for more than two and a half years. *Id.* ¶¶ 1, 6, 35, 37. Plaintiffs sue various federal officials, arguing that this delay is unreasonable. *Id.* ¶¶ 21–29, 52. Defendants move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. ECF 5.

Plaintiffs fail to respond to many of Defendants' arguments in their opposition, including the argument that Plaintiffs lack standing. *See* ECF 6. The Court finds that Plaintiffs have conceded those issues and will therefore **GRANT** Defendants' motion to dismiss for lack of subject matter jurisdiction. Even if Plaintiffs had not conceded standing and other threshold issues, the Court would nonetheless dismiss the complaint because Plaintiffs have failed to plausibly allege an unreasonable delay.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

I. **BACKGROUND**

Plaintiffs Dr. Amir Azarhomayoun, Saeedeh Shirdel, Khashayar Khajavi, Leila Kianmehr, and Sadegh Mohtarami are citizens of Iran who have applied for nonimmigrant F-1, J-1, and J-2 visas.[2] ECF 1 ¶¶ 1, 20. They attended visa interviews at the U.S. Consulate in Istanbul between August 2022 and December 2022. *Id.* ¶ 4. After their interviews, most of the Plaintiffs were asked for, and submitted, additional information. *Id.* ¶¶ 5, 34. Plaintiffs were informed that their visa applications were placed into administrative processing pursuant to Section 221(g) of the Immigration and Nationality Act (INA), where they have remained ever since. *Id.* ¶¶ 35, 38.

Plaintiffs filed this lawsuit, alleging that Defendants' delay is unreasonable and violates the Administrative Procedure Act (APA). *Id.* ¶¶ 43–54. They seek a writ of mandamus, compelling the agency to adjudicate their visa applications. *Id.* ¶¶ 55–64. Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 5.

II. **LEGAL STANDARD**

   a. **Rule 12(b)(1)**

When assessing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "[i]t is to be presumed that a cause lies outside [the federal courts'] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court accepts the complaint's allegations as true, *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015), and "where necessary . . . may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus

---

[2] "F-1 visas are available to international students, J-1 visas are available to international scholars, researchers, and exchange visitors, and J-2 visas are available to the dependents of J-1 visa applicants." ECF 1 ¶ 30.

the court's resolution of disputed facts," *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### b. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "must accept as true all of the allegations contained in a complaint," but need not do the same for legal conclusions. *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). At bottom, the complaint must contain allegations sufficient to permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

Defendants move to dismiss, arguing that (1) Plaintiffs lack standing, (2) there is no non-discretionary duty at issue, (3) Plaintiffs' claims present non-justiciable questions, (4) some of the named Defendants cannot redress Plaintiffs' alleged injuries, (5) Plaintiffs' claims are precluded by the doctrine of consular nonreviewability, and (6) on the merits, Plaintiffs have not plausibly alleged that the agency's delay is unreasonable. ECF 5 at 11–13. Plaintiffs chose to contest only two of those arguments in their opposition, contending that consular nonreviewability does not bar their claims and that they have plausibly alleged an unreasonable delay.[3] ECF 6 at 4–

---

[3] Plaintiffs place their consular nonreviewability argument under the heading "Jurisdiction," list a number of cases dealing with consular nonreviewability, and then state that "[b]ased on the weight of the decisions listed above" the Court should "find that it has subject-matter jurisdiction to hear their complaint under the Administrative Procedure Act." ECF 6 at 4–5. But the D.C. Circuit has held that consular nonreviewability is non-jurisdictional. *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1027–29 (D.C. Cir. 2021). Even assuming *arguendo* that Plaintiffs' claims are not barred by consular nonreviewability, that has no bearing on this Court's subject matter jurisdiction to hear a case. And Plaintiffs make no attempt to contest Defendants' actual jurisdictional argument, which is that Plaintiffs lack standing.

12. But Plaintiffs make no effort to argue that they have standing, that Defendants have failed to perform a non-discretionary duty, that their claims are justiciable, or that they named the correct Defendants. *See id.*

"[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded." *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014). The Court is especially concerned that Plaintiffs have said nothing about standing because, as the party invoking federal jurisdiction, it is always Plaintiffs' burden to persuade the Court that they have standing. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021); *Fateh v. Blinken*, No. 23-cv-1277, 2024 WL 864378, at *5 (D.D.C. Feb. 29, 2024) (collecting cases where a plaintiff conceded standing by failing to respond to defendant's argument). Because Plaintiffs have apparently made a considered choice not to contest Defendants' argument that they lack standing, the Court will treat that issue as conceded and grant Defendants' motion to dismiss for lack of subject matter jurisdiction. *See Fateh*, 2024 WL 864378, at *6 (taking same approach in visa mandamus case where plaintiffs similarly failed to respond to defendants' standing arguments).

Even if Plaintiffs had addressed Defendants' standing arguments and successfully contested the remaining threshold challenges raised in the motion to dismiss, their unreasonable delay claim would still fail on the merits. In the interest of comprehensiveness, the Court will briefly lay out that argument here.

As of this writing, Plaintiffs have been awaiting adjudication of their nonimmigrant visa applications for somewhere between 31 and 34 months. *See* ECF 1 ¶ 6 (citing delays of between seven and ten months as of June 2023). To determine whether that qualifies as an unreasonable delay, the Court evaluates the six "*TRAC* factors":

4

> (1) [T]he time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (*TRAC*)). These factors guide the unreasonable delay analysis, but are not exclusive. *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023). In another unreasonable delay case concerning visa petitions, the D.C. Circuit afforded the first and fourth factors "the greatest weight." *Id.*

The first and second *TRAC* factors ask whether there is "'any rhyme or reason' for the Government's delay—in other words, 'whether the agency's response time . . . is governed by an identifiable rationale.'" *Desai v. USCIS*, No. 20-cv-1005, 2021 WL 1110737, at *5 (D.D.C. Mar. 22, 2021) (quoting *Ctr. for Sci. in the Pub. Interest v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014)). Sometimes a "statutory scheme may supply content for this rule of reason," but Congress has not provided such a deadline here. *In re United Mine Workers of Am. Int'l Union*, 190 F.3d at 549; *see* ECF 5 at 42. "Absent a congressionally supplied yardstick, courts typically turn to case law as a guide." *Sarlak v. Pompeo*, No. 20-cv-35, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020).

The caselaw in this District indicates that the delay Plaintiffs face, while unquestionably frustrating, is not unreasonable as a matter of law. "[D]istrict courts have generally found that

immigration delays in excess of five, six, [and] seven years are unreasonable, while those between three to five years are often not unreasonable." *Id.* (quoting *Yavari v. Pompeo*, No. 19-cv-2524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019)) (collecting cases). The D.C. Circuit recently held that a four-and-a-half-year delay in processing a visa petition was not unreasonable. *See Da Costa*, 80 F.4th at 342. Plaintiffs' alleged delays of 31 to 34 months fall within that realm of reasonableness. But of course, the sheer amount of time that has passed does not resolve the issue. *See id.* The reasonableness of an agency's delay depends "upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003). Here, Defendants are statutorily required to make a finding that Plaintiffs, who are Iranian nationals, "do[ ] not pose a threat to . . . safety or national security" before issuing them visas. 8 U.S.C. § 1735(a); *see Ahmadi v. Scharpf*, No. 23-cv-953, 2024 WL 551542, at *5 (D.D.C. Feb. 12, 2024) (considering this statutory requirement in evaluating reasonableness); *Babaei v. U.S. Dep't of State*, 725 F. Supp. 3d 20, 31 (D.D.C. 2024) (same). Given the complexity and significance of that undertaking, the Court concludes that the first and second *TRAC* factors weigh in Defendants' favor.

The third and fifth *TRAC* factors consider the effects of the agency's delay. *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020). Both factors favor Plaintiffs. "The third looks to whether 'human health and welfare are at stake'—in which case judicial intervention is more justified—and the fifth assesses the 'nature and extent of the interests prejudiced by delay.'" *Id.* (quoting *TRAC*, 750 F.2d at 80). Plaintiffs plausibly allege that Defendants' delay has caused them real, tangible harm. To take just a few examples: because of the agency's delay, Plaintiff Azarhomayoun has been unable to begin his neurologic surgery research program at the Mayo

Clinic, has had to pay (unnecessarily) for U.S.-based health insurance, and has been forced to reschedule travel arrangements. ECF 1-3 ¶¶ 2, 7, 13, 16. Plaintiff Khajavi was admitted to a Computer Science Ph.D. program at the University of Massachusetts but has had to defer his start date because of the delay in adjudicating his visa. ECF 1-5 ¶ 2. If his visa is not adjudicated soon, the university may award his position and stipend to another student. *Id.* Plaintiff Kianmehr has been unable to begin her postdoctoral program at University of Texas, where she will be studying acute myeloid leukemia. ECF 1-6 ¶¶ 2–3. The University expects Kianmehr's research to lead to a promising therapy for this deadly disease, and "urgently" needs Kianmehr to begin her position on time. ECF 1-6 at 25. The third and fifth *TRAC* factors clearly weigh against dismissal.

The fourth *TRAC* factor weighs in Defendants' favor. It requires the Court to "consider the effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80. Courts in this District decline to compel agency action where an order putting the petitioner "at the head of the queue simply moves all others back one space and produces no net gain," *Da Costa*, 80 F.4th 330 at 343 (quoting *In re Barr Laboratories*, 930 F.2d 72, 75 (D.C. Cir. 1991)), and Plaintiffs do not contest that that would occur here, *see* ECF 6 at 9–10. Instead, Plaintiffs argue that Defendants are assigning insufficient resources to process visa applications like theirs, but such "resource-allocation decisions . . . do not lend themselves to judicial reorderings of agency priorities.'" *Khazaei v. Blinken*, No. 23-cv-1419, 2023 WL 6065095, at *7 (D.D.C. Sept. 18, 2023) (quoting *Rahman v. Blinken*, No. 22-cv-2732, 2023 WL 196428, at *4 (D.D.C. Jan. 17, 2023)). Factor four therefore tips in favor of dismissal. *See Babaei*, 725 F. Supp. 3d at 24, 31–32 (concluding that factor four weighed in defendants' favor where—just as in this case—Iranian plaintiffs alleged that F-1 and J-1 visa adjudications were delayed).

The sixth TRAC factor provides that the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'" *TRAC*, 750 F.2d at 80. Because Plaintiffs do not allege any such impropriety, this factor is neutral. *See* ECF 6 at 11–12; *Da Costa*, 80 F.4th at 345–46 (finding sixth TRAC factor to be neutral where plaintiffs did not plausibly allege impropriety).

In sum: factors one, two, and four weigh in favor of Defendants, factors three and five weigh in favor of Plaintiffs, and factor six is neutral. The agency's delay has harmed Plaintiffs, "but the rule of reason supplied by the caselaw, judicial deference to agency priority-setting, and the absence of bad faith all suggest that the delay is not yet unreasonable." *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155, 164 (D.D.C. 2022). The Court therefore concludes that Plaintiffs have not plausibly alleged an unreasonable delay.

\* \* \*

For the foregoing reasons, Defendants' motion to dismiss, ECF 5, is **GRANTED**, and as a result Plaintiff's complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction and for failure to state a claim. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: June 5, 2025